IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

RAY EMMANUEL MATEO, *et al.*,

   **Plaintiffs**,

        v.

EMPIRE GAS COMPANY, INC., *et al.*,

   **Defendants.**

CIVIL NO. 13-1762 (JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before this Court are co-Defendants Empire Gas Company, Inc. ("Empire Gas" or "Empire") and City Gas, Inc.'s ("City Gas" or "City") (collectively "Defendants") Motion for Summary Judgment, Docket No. 111, and co-Defendants Certain Underwriters at Lloyd's ("Underwriters") and City Gas's Motion to Bifurcate the liability and damages issues at trial, Docket No. 116.[1]

This case concerns Plaintiffs' claims of negligence related to the explosion caused by a propane gas leak in the early morning of March 27, 2010.[2] Docket No. 70. Plaintiffs allege that the explosion was caused by a hole in the hose that carried propane gas from a cylinder outside their home to the family's stove. *Id.* Plaintiffs further allege that this leak was caused by the

---

[1] Underwriters filed a Motion Join City Gas's Motion to Bifurcate. Docket No. 123.
[2] Plaintiffs consist of Ray Emmanuel Mateo, Meregilda Mateo, Thelma Isabel Jackson, minor child J.A.M. and minor child C.A.M. Meregilda Mateo and Thelma Isabel Jackson are suing on their individual behalf, as well as in their representative capacity of minor children J.A.M. and C.A.M. Docket No. 1. In addition, Plaintiffs are also suing for damages caused to decedents Jorge Andino and Rafaela Mateo. *Id.* Thus, although not specifically stated in their complaint, it appears that one or more of the named Plaintiffs are suing in a representative capacity on behalf of the decedents.

negligence of co-Defendants Empire Gas, City Gas, and Pedro Dones in, *inter alia*, failing to properly test the propane gas; failing to give consumers adequate warnings; failing to properly instruct consumers; failing to provide adequate training; failing to properly install the gas cylinder; and failing to properly inspect the gas system. *Id.* This explosion caused extensive physical and emotional damages to the members of the Andino-Mateo family that were in the house—Jorge Andino, Rafaela Mateo, minor child J.A.M., and minor child C.A.M.—eventually leading to the deaths of Jorge Andino and Rafaela Mateo, as well as mental and emotional damages to other family members—Thelma Isabel Jackson, Meregilda Mateo, and Ray Emmanuel Mateo. *Id.*

After reviewing the filings and applicable law, Empire and City's' Motion for Summary Judgment is DENIED, and the Motion to Bifurcate the liability and damages issues is DENIED WITHOUT PREJUDICE.

## BACKGROUND[3]

Empire Gas is a propane gas wholesaler that distributes liquid propane gas throughout Puerto Rico. Docket No. 112 at 1. City Gas is a filling plant of propane gas affiliated with Empire Gas. *Id.* Pedro Dones ("Dones") is a licensed and certified independent propane gas vendor, referred to in Puerto Rico as a "gasero." *Id.* at 2. The 100 lbs. propane gas cylinder related to the events in this case was filled by City Gas on February 19, 2010 for Dones. *Id.* at 2. On that same date, Dones then connected the relevant cylinder to the existing propane gas system at the

---

[3] Unless a specific disagreement is acknowledged, the Court deems the following facts undisputed.

Adino-Mateo residence. *Id.* at 4. Neither Empire Gas nor City Gas sold the subject gas cylinder to Plaintiffs or decedents, or had any part in the installation or connection of the gas cylinder or any other portion of the propane gas system in the Adino-Mateo residence. *Id.* at 3.

Empire Gas is the number one importer and distributor of propane gas in Puerto Rico. Docket No. 114 at 11. As such, Empire Gas has superior knowledge on the subject of propane gas, including its potential dangers and safety precautions. Docket No. 114 at 11.[4] Empire Gas is a member of the National Propane Gas Association ("NPGA") and the Propane Educational Research Counsel ("PERC"). Docket No. 114 at 10-11. Empire attends NPGA and PERC meetings and seminars, where Empire receives educational materials regarding the use of propane gas, adequate warnings, and safety instructions. Docket Nos. 114 at 11; 128 at 16-17

Dones was not given any training from Empire Gas or City Gas regarding the correct installation procedures for a propane gas cylinder, or the dangers of propane gas. Docket No. 114 at 13. The Puerto Rico Public Service Commission ("PSC") is the only local governmental body that regulates the sale and distribution of propane gas in Puerto Rico. Docket No. 112 at 2. The PSC provides gaseros with training and seminars before they are licensed by the PSC. *Id.* at 4. Defendants contend that at the relevant time, no private entity was authorized to provide formal training or educational seminars to gaseros. *Id.* However, Plaintiffs disagree, and position that

---

[4] Plaintiffs contend that Empire Gas is the "most knowledgeable entity in Puerto Rico on the subject of [propane gas]." Docket No. 114 at 11. Defendants deny this statement, contending that it is plaintiffs' counsel's own interpretation. Docket No. 128 at 17. In his deposition, Jose Luis Sisco-Toro, Empire Gas's representative did admit that it was probable that Empire was the most knowledgeable entity on propane gas in Puerto Rico. Docket No. 114-1 at 53-54. However, he later attempted to soften his position, stating that this was counsel's opinion and that there was no way of measuring who had "greater knowledge." Docket No. 128-1 at 17. Regardless of whether Empire is "the most knowledgeable entity," given Mr. Sisco's deposition statements and Empire's position as the largest importer and distributor of propane gas in Puerto Rico, the Court finds it is undisputed that Empire is in a unique position to have superior knowledge on the dangers and recommended safety precautions of propane gas.

this statement only applies to trainings and seminars *for licensing purposes*, and that Defendants could have provided trainings by simply registering with the PSC. Docket No. 114 at 5-6. Empire Gas acknowledged that it had provided training to gaseros in the past. Docket No. 128-1 at 94-96.

Neither Empire Gas nor City Gas provided any warning to the ultimate consumer that the odorant in the gas would not wake a sleeping person. Docket No. 114 at 16. However, there is no statute or regulation requiring Empire Gas or City Gas to provide this warning. Docket No. 112 at 5.

## STANDARD OF REVIEW

**Motion for Summary Judgment:**

A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is in genuine dispute if it could be resolved in favor of either party, and it is material if it potentially affects the outcome of the case. *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the moving party has properly supported [its] motion for summary judgment, the burden shifts to the nonmoving party . . . ." *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir. 2000)

(citing *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997)). The nonmovant must demonstrate "through submissions of evidentiary quality[] that a trial worthy issue persists." *Iverson v. City of Boston*, 452 F.3d 94, 98 (1st Cir. 2006) (internal citations omitted). In evaluating a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). It is important to note that, throughout this process, courts cannot make credibility determinations or weigh the evidence, as these are jury functions and not those of a judge. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## ANALYSIS

I.  **Motion for Summary Judgment**

Defendants claim that the Court should grant summary judgment in their favor because Plaintiffs have not shown that Defendants owed a duty of care to Plaintiffs. Docket No. 111.[5] The Court disagrees. The Court holds that Defendants owed Plaintiffs the duty to act as a reasonably prudent company under the circumstances. The Court further holds that a reasonable jury could conclude that Defendants breached that duty. Accordingly, the Motion for Summary Judgment is denied.

---

[5] To avoid repeating the phrase "Plaintiffs and decedents" throughout this opinion, when the Court refers to "Plaintiffs" in the context of Defendants' duty of care and potential breach of that duty, this phrase shall include the two decedents in this case, even though they are not named Plaintiffs.

A. <u>The Existence of a Duty of Care</u>

Defendants owe a duty of care to Plaintiffs to act as a reasonably prudent person—in the case of Defendants, a reasonably prudent company—would act under the circumstances. Plaintiffs have asserted negligence claims under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141, against Defendants. Docket No. 70. To prevail under this section, Plaintiffs must prove "(1) a duty requiring the defendant to conform to a certain standard of conduct, (2) a breach of that duty, (3) proof of damage, and (4) a causal connection between the damage and the tortious conduct." *De-Jesus-Adorno v. Browning Ferris Indus. of Puerto Rico, Inc.*, 160 F.3d 839, 842 (1st Cir. 1998) (citing *Sociedad De Gananciales v. Gonzalez Padin*, 17 P.R. Offic. Trans. 111, 125 (1986)).

Defendants argue that Plaintiffs have failed to meet the first element because they have not shown that Defendants owed any duty of care to Plaintiffs. Docket No. 111. In particular, they argue that Plaintiffs have not identified any statute, regulation, or case law that required Defendants to conform their conduct according to Plaintiffs' standards. *Id.* However, Defendants impose an overly harsh burden on Plaintiffs. The general duty of care under Article 1802 is that "one must act as would a prudent and reasonable person under the circumstances," *see Vazquez-Filippetti v. Banco Popular de Puerto Rico*, 504 F.3d 43, 49 (1st Cir. 2007) (citing *Ortiz v. Levitt & Sons of P.R., Inc.*, 1 P.R. Offic. Trans. 407, 101 D.P.R. 290 (1973)), and "exercise due diligence to avoid foreseeable risks," *see Malave-Felix v. Volvo Car Corp.*, 946 F.2d 967, 971 (1st Cir. 1991) (citing *Jimenez v. Pelegrina Espinet*, 12 P.R. Offic. Trans. 881, 886 (1982). This duty has been specifically applied to sellers of products. *See Carballo-Rodriguez v. Clark Equip. Co.*, 147 F. Supp. 2d 66, 72 (D.P.R. 2001); *see also Doe v. Solvay Pharm., Inc.*, 350 F. Supp. 2d 257, 263 (D. Me. 2004), *aff'd*, 153 F. App'x 1 (1st Cir.

Civil No. 13-1762 (JAG)                                                                                                      7

2005) ("A manufacturer or seller owes a duty to exercise reasonable care to foreseeable users of its products and to persons who are foreseeably endangered by the use of those products.").

The Supreme Court of PR has never specifically considered whether sellers or suppliers of a product must satisfy this general duty of care. Accordingly, this Court must attempt to ascertain how the Puerto Rico Supreme Court would hold. *See Michelin Tires, Etc. v. First Nat. Bank of Boston*, 666 F.2d 673, 682 (1st Cir. 1981). This Court believes that the Puerto Rico Court would hold that suppliers do have a duty to act as a reasonably prudent company, under the circumstances, to avoid foreseeable risks to all foreseeable users of its product. The Supreme Court has held that under product liability doctrine, any actor in the supply or distribution chain is strictly liable for putting a defective product into the stream of commerce. *See Rodriguez Mendez v. Laser Eye Surgery Mgmt. of Puerto Rico, Inc.*, 2016 TSPR 121, 2016 WL 3659195, at *4 (P.R. June 15, 2016) (translation ours). The Puerto Rico Supreme Court has reaffirmed that the purpose of this doctrine is to ensure that the costs of a defective product are borne by the makers or sellers that introduced the product into the market. *Id.* (translation ours). It follows that if policy dictates that sellers should bear the costs of their products even when they have no degree of fault (strict liability), that this same policy would apply *a fortiori* to a seller of a product that fails to exercise a degree of reasonable care in putting its product into the stream of commerce (negligence). Thus, any seller of a product would owe a duty to the foreseeable users of its products to act as a reasonably prudent company, under the circumstances, and to avoid foreseeable risks.

Defendants argue that they owed no duty of care to Plaintiffs since they had no direct contact with Plaintiffs. As Defendants state, all they did was "fill[] up the subject [propane gas]

cylinder at the request of a licensed gasero . . . ." Docket No. 111. However, this does not absolve Defendants of potential liability to Plaintiffs. A seller, manufacturer, or supplier of a product owes a duty of care *to any person whom it should expect to use the product*. *See* Restatement (Second) of Torts §§ 388, 394, 399 (1965) (emphasis added).[6] Here, Empire and City Gas should have expected that Dones, the gasero, would sell the tank to the ultimate consumer. Thus, their duty of care extends to Plaintiffs, even though they had no direct contact with them.

Therefore, Plaintiffs are not required to show that Defendants violated a statute or regulation to show that Defendants owed a duty of care. As a wholesaler and supplier of propane gas, Empire Gas, and its filing plant, City Gas, owed a duty of care to those who may have encountered their propane gas to act as a reasonably prudent company under the circumstances, and to exercise due diligence to avoid foreseeable risks. Thus, the Court holds that Defendants did owe Plaintiffs a duty of care.

B. <u>Breach of the Duty of Care</u>

Next, Plaintiffs must show that Defendants in fact breached their duty of care. Plaintiffs allege Defendants breached their duty of care by 1) failing to test the odorant in their propane gas to determine if it would wake a sleeping person; 2) failing to warn consumers that the odorant would not wake a sleeping person; 3) failing to instruct consumers to install an electronic gas detection alarm in their home; 4) failing to provide or offer for sale to consumers of their propane gas an electronic gas detection device; 5) failing to provide gaseros with

---

[6] The Puerto Rico Supreme Court has cited the Restatement (Second) of Torts approvingly on numerous occasions. *See, e.g., Rivera et al. v. Superior Pkg., Inc. et al.*, 132 D.P.R. 115, n. 6 (P.R. Dec. 9, 1992).

adequate training to properly install, test, and maintain liquid propane gas cylinders; 6) failing to adequately train gaseros on the hazards of propane gas; and 7) failing to ensure that gaseros covered under their liability policy followed safety rules and regulations concerning the installation and replacement of gas cylinders. Docket No. 70.

The question of whether a defendant breaches its duty of care is usually a jury question. "Particular deference has been accorded [to] the jury in [negligence cases] in light of its supposedly unique competence in applying the reasonable person standard to a given fact situation." 10A Fed. Prac. & Proc. Civ. § 2729 Negligence Actions (4th ed.); *see also* Restatement (Second) of Torts § 328C (1965) ("it is the function of the jury to apply to the facts in evidence the standard of conduct required by the law in the performance of the defendant's legal duty"). "[E]ven when there is no dispute as to the facts, it usually is for the jury to decide whether the conduct in question meets the reasonable-person standard." 10A Fed. Prac. & Proc. Civ. § 2729 Negligence Actions (4th ed.). Thus, summary judgment is rarely granted in negligence actions. *Id.*

A court may only grant summary judgment for a defendant if it determines that no reasonable jury could find that a defendant has breached its duty of care. *See Martinez De Jesus v. Puerto Rico Elec. Power Auth.*, 256 F. Supp. 2d 122, 126 (D.P.R. 2003) (denying summary judgment on Article 1802 negligence claim since reasonable juries could come to more than one conclusion); *see also Wojcik v. Town of N. Smithfield*, 76 F.3d 1, 3 (1st Cir. 1996) (stating that issues generally reserved for the jury "are properly resolved by the Court when no reasonable jury could find otherwise"). The Restatement (Second) of Torts is particularly instructive on the Court's function as to this issue:

> *Normally the determination of . . . whether the defendant has conformed to the standard of conduct required of him by the law is for the jury.* Although it involves an application of the legal standard, and to a considerable extent a decision as to its content and meaning (see § 328C), it is customarily regarded as a question of fact. As in the case of other questions of fact, however (see Comment *d* above), the court reserves a power of determination of the preliminary question *whether the evidence will permit the jury reasonably to come to more than one conclusion*. Where it is clear upon the evidence that the defendant has or has not conformed to what the standard of the law requires, and that *no reasonable man could reach a contrary conclusion*, the court must withdraw the issue from the jury and direct a verdict . . . .

Restatement (Second) of Torts § 328B, Com. on Clause (d) (1965) (emphasis added).

At this stage, the Court cannot conclusively determine that no reasonable jury would find Defendants breached their duty of care to Plaintiffs. Empire Gas is the leading importer and distributor of propane gas in Puerto Rico. In addition, Empire receives substantial educational materials from entities like the National Propane Gas Association ("NPGA") and the Propane Educational Research Counsel ("PERC") regarding the use of propane gas, adequate warnings, and safety instructions. Thus, Empire is in a unique position to have superior knowledge of the dangers, and recommended safety precautions, of propane gas. Despite this, neither Empire nor City Gas provided Dones with any training or instructions concerning safety precautions and the dangers of propane gas. A reasonable jury could conclude that this was a breach of Empire and City Gas's duty of care.

Defendants state that in 2010 "no private entity was authorized to provide any formal training or educational seminars to gaseros," Docket No. 111, seemingly suggesting that they were prohibited by Puerto Rico law to offer gaseros, like Dones, any training. This Court is unconvinced. First, Defendants fail to cite to any statute, regulation, or other binding authority to support the notion that they were legally prohibited from offering training to gaseros.

Defendants instead rely on a certification of the Clerk of the Public Service Commission ("PSC") which states that "in 2010 no private entities were authorized to provide any formal training or educational seminars to . . . gaseros." Docket No. 112-9. While the PSC may be able to certify that no private entity had the PSC's blessing to provide formal training to gaseros, this Court is not bound by the PSC's opinion on whether such a blessing was required under Puerto Rico law. For this Court to determine that Defendants were prohibited from offering any training to gaseros, the Court would have to engage in a much deeper analysis of Puerto Rico's regulatory framework, and Defendants have failed to provide this Court with the necessary tools for this analysis.[7]

Moreover, even assuming that Defendants were not authorized by law to train gaseros, it does not follow that they could not and should not have complied with the necessary requirements to provide this training. Empire Gas's own representative stated in his deposition that Empire could provide training to gaseros, as long as it registered with the PSC, and that Empire had provided trainings to gaseros in the past. Docket No. 128-1 at 94-96. Thus, Defendants' argument that they were prohibited from offering training to gaseros is unpersuasive.

Adittionally, Plaintiffs provide the affidavit of professional engineer Roger Craddock, who has more than 50 years of experience in the propane gas industry, including 43 years of

---

[7] The Court also notes that the certification's scope is ambiguous. It is unclear to the Court whether the CSP is stating that no private entities were authorized to provide any training or education to gaseros whatsoever, or whether this statement only applies to training and education for licensing purposes, since this appears to be the extent of the regulatory authority of the CSP.

experience investigating and researching propane gas escape incidents. Docket No. 114-4.[8] In his affidavit, Engineer Craddock stated that he was surprised that Empire Gas and City Gas did not provide their gaseros with any information concerning the safety hazards of propane gas, proper installation procedures, or the limitations of the gas's odorant. *Id.* Engineer Craddock was particularly surprised that gasero Dones had not been provided with the material given to Empire and City Gas from PERC, as he stated that it was common in the United States for gaseros to be provided with this free information. *Id.* Engineer Craddock opined that this practice "places the general public in Puerto Rico in a potentially dangerous position," and in his opinion, "a reasonably prudent distributor and supplier of propane . . . has a duty to provide critical safety information to gaseros and the general public . . . ." *Id.*

At this stage, the Court must draw all inferences in favor of the non-moving party— Plaintiffs. Thus, given Engineer Craddock's assertions and Empire and City Gas's superior knowledge on propane gas in Puerto Rico, the Court concludes that a reasonable jury could find that a reasonably prudent propane gas wholesaler and filler would have done more to ensure

---

[8] Defendants argue that Engineer Craddock's affidavit should be stricken as a sham affidavit. The First Circuit has held that "[w]hen an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed." *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 5 (1st Cir. 1994). However, Defendants fail to show how Engineer Craddock is an interested witness, or how his affidavit contradicts his deposition testimony. First, as an expert witness, Engineer Craddock seemingly has little interest in the outcome of this case, and Defendants submit nothing to suggest otherwise.

Furthermore, Engineer Craddock's affidavit does not directly contradict any of his deposition statements. Defendants point out that Engineer Craddock stated in his deposition that he was not a warnings expert. Engineer Craddock's affidavit does not directly contradict this assertion, as he only gives his opinion as to Defendants' general failure to protect the public from propane gas accidents, rather than the adequacy of a specific warning. Also, Engineer Craddock's opinion that Defendants had a general duty to provide safety information to gaseros and the public, is not inconsistent with his deposition statement that there is no statute or regulation that requires Defendants to do this. As explained in footnote 9, a company can breach its duty of care even if it complies with all government rules and regulations.

Civil No. 13-1762 (JAG)                                                                                      13

that gaseros were properly trained or that its consumers were properly warned.[9] Thus, summary judgment is inappropriate on Plaintiffs' negligence claims.[10]

## II.  Motion to Bifurcate

Defendants seek to bifurcate the issues of liability and damages into two separate trials.[11] Docket No. 116. The Court believes this request is better addressed closer to trial. Thus, the Court denies Defendants' motion without prejudice as premature.

## CONCLUSION

For the foregoing reasons, Empire Gas and City Gas's' Motion for Summary Judgment is DENIED, and Underwriters and City Gas's Motion to Bifurcate is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of September, 2016.

s/ Jay A. Garcia-Gregory

---

[9] Defendants argue repeatedly that they cannot be found negligent because they complied with all legal statutes, rules and regulations. Docket Nos. 111, 127. However, this is not dispositive of this issue. "Compliance with a legislative enactment or an administrative regulation does not prevent a finding of negligence where a reasonable man would take additional precautions." Restatement (Second) of Torts § 288C (1965); *see also Martinez De Jesus v. Puerto Rico Elec. Power Auth.*, 256 F. Supp. 2d 122, 126 (D.P.R. 2003) (holding that compliance with the National Electric Safety Code did not entitle the Puerto Rico Electric Power Authority to judgment as a matter of law on the plaintiffs' Article 1802 negligence claim, instead "the decision whether such compliance is enough to satisfy the applicable standard of care rests with the jury."). Therefore, a reasonable jury could find that Defendants breached their duty of care to their consumers even if they complied with all statutes, rules, and regulations.

[10] Defendants do not refute Plaintiffs' ability to prove the last two elements of their negligence cause of action—damages and causation—in their Motion for Summary Judgment. Thus, the Court need not address these.

[11] For purposes of the Motion to Bifurcate, "Defendants" refers to co-Defendants City Gas and Underwriters.

Civil No. 13-1762 (JAG) 14

JAY A. GARCIA-GREGORY
United States District Judge